UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN HELLER, | ) | CASE NO. 5:14CV0580 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CAPELLA UNIVERSITY, et al., | ) | AND ORDER |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Dawn Heller ("plaintiff" or "Heller") filed this *in forma pauperis* action against Capella University, The Higher Learning Commission (Accreditation), Sallie Mae-Department of Education c/o The OCR National Headquarters and John Doe Subsidiaries, Affiliates, Assigns, Accreditation Boards, Alias Names granting authorities under the Department of Justice. Plaintiff captions this action: "Qui Tam, Theft, Fraudulent Accounting Practices, and other inter alia causes." Heller seeks all damages permitted by law.

I.  BACKGROUND

Plaintiff provides no relevant dates nor identifies any of the defendants by name within the body of her complaint. She does allege she was enrolled in an undergraduate program studying Human Resources. There she sustained civil injuries as a result of the "unethical accounting and debt collection practice, i.e. theft, in the failure to uphold their duty in the performance of any part of the contract, making the school unable to

collect any part of said tuition fees." (Doc. No. 1 at 2.)[1] Heller complains that "[n]o legitimate services were performed associated with the performance of the contract," even though she was charged one month before classes started. (*Id.*) She refers to exhibits that purportedly identify some of the charges to which she is referring. It is difficult to discern any meaning from the balance of her two-page complaint. Although she "believes there to be a strong case also for discrimination . . . exacted on the plaintiff," (*Id*. at 3), and identifies the Ohio Rehabilitative Services Commission, Good Will Industries International, and the Department of Justice as alleged perpetrators, none of these parties are named as defendants, and there are no facts alleged that support any discrimination allegation.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss any claim under 28 U.S.C. § 1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## III. FAILURE TO STATE A CLAIM

"Principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are "not require[d] to conjure up questions never squarely presented to them[ ]" or "to construct full blown claims from sentence fragments[.]" *Id*. To do so would require the court

---

[1] The complaint does not comply with Fed. R. Civ. P. 10(b), which requires that claims be set out "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As a result, it is difficult to cite to the complaint with any accuracy.

"to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. Dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Even liberally construed under these standards, the complaint herein does not contain allegations reasonably suggesting Heller might have a valid federal claim.

### III.  CONCLUSION

For the foregoing reasons, Heller's Motion to Proceed *in forma pauperis* is **granted** and the Complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e) for failing to state a claim for relief. The Court certifies that an *in forma pauperis* appeal from this judgment could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).[2]

**IT IS SO ORDERED**.

Dated: May 29, 2014

                                                   **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."